BERNARDO MUÑIZ, Plaintiff and Appellant, *v.* ISABEL FELICIANO, Defendant and Appellee.

No. 4444. Argued May 24, 1928.—Decided May 31, 1928.

*O'Neill & O'Neill* for the appellant. The appellee did not appear.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Bernardo Muñiz sued his wife, Isabel Feliciano, for a divorce. He alleged that they were married in Lares on September 5, 1918; that as a result they have two children, and that the defendant—

"for some time and especially during the last two months has been illtreating this plaintiff both by words and by deeds publicly and gravely insulting and offending him, in the presence of strangers, causing great scandals and neglecting completely her matrimonial obligations and has refused to cohabit with the plaintiff notwithstanding his repeated entreaties."

The defendant was summoned, but did not answer, and her default was noted. The case was tried in her absence and the court rendered judgment dismissing the complaint.

The plaintiff took this appeal and alleges that the court committed error in not finding that the facts alleged in the complaint had been proved at the trial.

All of the evidence examined has been included in a statement of the case as follows:

"That defendant Isabel Feliciano has illtreated the plaintiff by words and deeds and has refused to cohabit with him, the plaintiff testifying in this respect that since he began to work as a night watchman on returning to his home during the day the defendant Isabel Feliciano has publicly and gravely insulted and offended him in the presence of strangers, calling him indecent and obscene names, thus causing great scandal and disturbing the peace and harmony of the home.

"The plaintiff further testified that he had begged Isabel Feliciano, the defendant, to change her attitude, indicating to her that he was not accustomed to such things and scenes.

"Finally in reply to the judge the plaintiff testified that the defendant did not want to and had refused to have carnal intercourse with him.

"There was also the testimony of a witness who was also a night watchman, but in another place, and who was a neighbor of the plaintiff, in corroboration of the plaintiff's testimony about the insults which the plaintiff received from the defendant and the scandals caused in the presence of strangers, as well as that referring to the constant entreaties from the plaintiff to his wife that she change her attitude and return to live with him in peace and harmony."

In our opinion there is no justification for a reversal of the judgment appealed from. Both the testimony of the plaintiff and that of his only witness are deficient, at least in the shape in which they appear in the statement of the case. In order to sever the matrimonial bond strong and complete evidence is required. It is not enough that the husband testified that his wife addressed certain insulting words to him, "causing thereby a scandal and disturbing the peace and harmony of the home," and to say that the testimony of the husband is corroborated by that of a witness. A complete recital of the whole incident is required, with all details, in order to determine the responsibility of each. It is not enough to state as a conclusion that the defendant "had refused to have carnal intercourse with him." It is alleged in the complaint that the marriage was celebrated in 1918 and that there are two children; the defendant might be ill

or even the plaintiff might be ill, or there might be other circumstances justifying the refusal, if any.

It should be presumed that the district judge acted correctly. He had the opportunity to hear the testimony of the witnesses from their own lips, to observe their attitude and their gestures and perhaps to read their souls in their eyes. How can it be expected that we should conclude that he committed the error assigned by substituting our judgment for his without having the same opportunities and without hearing the whole evidence?

The judgment appealed from must be affirmed.